# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. STEVEN MCDANIEL,
  Petitioner,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
  Agency.

DOCKET NUMBER
CB-1208-23-0006-U-1

DATE: April 10, 2023

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Seth Frankel, Esquire, Washington, D.C., for the petitioner.

Katherine W. Krems, Esquire, Washington, D.C., for the relator.

Theodore M. Miller, Seattle, Washington, for the agency.

## BEFORE

Raymond A. Limon, Member

## ORDER ON STAY REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the probationary termination of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Mr. McDaniel while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2      In its April 6, 2023 stay request, OSC alleges that it has reasonable grounds to believe that, on September 6, 2022, the Department of Veterans Affairs (VA) terminated Mr. McDaniel from his position as Chief of Police at the Walla Walla, Washington medical center, during his probationary period, due to a prohibited personnel practice. Stay Request File (SRF), Tab 1 at 5-6. OSC alleges that Mr. McDaniel engaged in a protected activity on May 5, 2022, when he disclosed to the VA Office of Inspector General (OIG) that a subordinate officer had engaged in sexual activity while on duty with a resident of a housing community for homeless veterans and their families, which was run by the VA Medical Center (VAMC). *Id.* at 6, 10-11. OSC states that, upon investigation, OIG sustained the allegations of misconduct against the accused officer. *Id.* at 6. Then, on or around June 9, 2022, OSC alleges that Mr. McDaniel made a protected disclosure when he based the proposed removal of the accused officer on the sexual misconduct, which was reviewed by the VAMC Director, who was the deciding official in that action. *Id.* at 7, 10-11.

¶3      OSC contends that, on September 6, 2022,[2] the VA terminated Mr. McDaniel's appointment for having entered the medical center after hours on April 14, 2022, while allegedly under the influence of alcohol. *Id.* at 8, 12. OSC maintains that Mr. McDaniel's protected disclosures and activities were a contributing factor in the decision to terminate his appointment because the VAMC Director was aware of Mr. McDaniel's disclosure and activity, and within a few months of Mr. McDaniel's reporting the allegations to OIG and including

---

[2] OSC incorrectly stated that the date of Mr. McDaniel's probationary termination was September 6, 2023. SRF, Tab 1 at 8.

them in his proposed removal of the accused officer, the VAMC Director approved his termination. *Id.* at 11-12. OSC also maintains that other circumstantial evidence supports an inference that Mr. McDaniel's protected activity and disclosure were a contributing factor in his termination. *Id.* at 12-14. Finally, OSC contends that the allegations of misconduct against Mr. McDaniel mischaracterized and omitted material evidence. *Id.* at 8-9, 13-14. In sum, OSC asserts that it has reasonable grounds to believe that the termination of Mr. McDaniel was a prohibited personnel practice under 5 U.S.C. §§ 2302(b)(8) and (b)(9)(C).

## ANALYSIS

¶4     Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request that any member of the Merit Systems Protection Board order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010). Deference is given to OSC's initial determination, and a stay will be denied only when the asserted facts and circumstances appear to make the stay request inherently unreasonable. *Special Counsel v. Department of Veterans Affairs*, 50 M.S.P.R. 229, 231 (1991).

¶5     To establish a prima facie case of whistleblower reprisal, OSC must show that the employee made a protected disclosure or engaged in protected activity that was a contributing factor in the challenged personnel action. *See Special*

*Counsel ex rel. Aran.*, 115 M.S.P.R. 6, ¶ 7; *see also Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014).  A disclosure is protected under 5 U.S.C. § 2302(b)(8) if the individual has a reasonable belief that the information being disclosed evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 12 (2014).   The standard for evaluating the reasonableness of the belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable to the employee could reasonably conclude that the actions of the Government evidence one of these types of wrongdoing.  *Id.*

¶6        Pursuant to OSC's stay request, it appears that Mr. McDaniel participated in a protected activity, as defined by 5 U.S.C. § 2302(b)(9)(C), by disclosing to the OIG that a subordinate officer engaged in sexual activity while on duty with a resident of a housing community for homeless veterans and their families, which was run by the VA.  SRF, Tab 1 at 6, 10-11.  Furthermore, based on OSC's assertions, it appears that Mr. McDaniel reasonably believed that he was disclosing a violation of law, rule, or regulation, under 5 U.S.C. § 2302(b)(8), when he based the accused officer's proposed removal on the proven allegations of sexual misconduct, which was reviewed by the VAMC Director.  *Id.* at 6, 10-11.

¶7        The contributing factor element may be established through the knowledge/timing test, i.e., that the official taking the personnel action knew of the protected disclosure or activity and the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor.  *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014).   According to OSC, the VAMC Director had knowledge of Mr. McDaniel's protected disclosure and activity because he was the deciding

official in the accused officer's removal action, and thus reviewed the disclosure, as it was the basis of the removal action. SRF, Tab 1 at 11-12. Furthermore, OSC contends that, given his position as Director, the VAMC Director would have likely received a copy of the OIG report which identified Mr. McDaniel as the source of the OIG referral. *Id.* at 11. As for the timing prong, the Board has recognized that a personnel action taken within approximately 1 to 2 years of an appellant's protected disclosures satisfies the knowledge/timing test. S*ee Mastrullo*, 123 M.S.P.R. 110, ¶ 21. OSC asserts that Mr. McDaniel's probationary termination occurred within 4 months of his report to OIG and within 3 months of the notice of proposed removal of the accused officer. SRF, Tab 1 at 6-8, 10-12.

¶8        In addition, OSC contends that attendant circumstances suggest that Mr. McDaniel's protected disclosure and/or activity was a contributing factor in the decision to terminate him during his probationary period. *Id.* at 12-14. In particular, OSC alleges that the VAMC Director linked Mr. McDaniel's probationary termination to his protected disclosure and activity, "speculating" that the officers mistrusted Mr. McDaniel because of the sexual misconduct investigation. *Id.* at 12-13. According to OSC, this is corroborated by the VA's interim Associate Director of Operations, who stated that the VAMC Director wanted to terminate Mr. McDaniel for poor officer morale, not because of any alleged intoxication. *Id.* Furthermore, as noted, OSC alleges that several key pieces of evidence were omitted from the report of the investigation into Mr. McDaniel's alleged misconduct, which appears to exonerate him from the conduct for which he was supposedly terminated. *Id.* at 13-14.

¶9        Considering the deference that generally should be afforded to OSC in the context of an initial stay request, and the assertions made in its stay request, I find that there are reasonable grounds to believe that the VA terminated Mr. McDaniel's appointment based on his protected disclosure and protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C).

## ORDER

¶10      Based on the foregoing, granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of Mr. McDaniel's probationary termination is GRANTED. The stay shall be in effect from April 10, 2023, through and including May 24, 2023. It is further ORDERED that:

(1)    During the pendency of this stay, the relator shall be placed in the position the relator held prior to the termination of his appointment on September 6, 2022;

(2)    The agency shall not effect any changes in the relator's duties or responsibilities that are inconsistent with the relator's salary or grade level, or impose upon the relator any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before May 9, 2023; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before May 16, 2023.

FOR THE BOARD:

<u>           /s/ for                </u>

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.